JOSHUA PALMER V. ALEXANDER MCFARLANE.

FILED JANUARY 18, 1905. No. 13,702.

1. **Petition** examined, and *held* to state a cause of action.
2. **Parties.** Persons severally liable upon the same promissory note may all or a'ny of them be included in the same action, at the option of the plaintiff. Section 44 of the code.

ERROR to the district court for Saline county: LESLIE G. HURD, JUDGE. *Reversed.*

*F. I. Foss* and *R. D. Brown,* for plaintiff in error.

*J. D. Pope, contra.*

LETTON, C.

This is a proceeding in error from a judgment of the district court for Saline county sustaining a demurrer to the petition and dismissing the case. The petition is as follows:

1. The plaintiff complains of the defendant, for that on the 5th day of April, 1902, said defendant made and delivered to C. W. Mitchell a promissory note, of which the following is a copy:

"$63.        FRIEND, NEB., April 5, 1902.

"April 5th, 1903, after date, for value received, we or either of us promise to pay to the order of C. W. Mitchell sixty-three dollars, with interest at the rate of ten per cent. per annum from date until paid.

"Payable at the Merchants and Farmers Bank, Friend, Neb.        J. F. ADAMS.
                    "ALEX MCFARLANE."

2. On the 5th day of April, 1902, for a valuable consideration, the plaintiff bought said note of said C. W. Mitchell, and has been the owner thereof ever since, and the same was indorsed by him in words as follows: "Pay to the order of Joshua Palmer. C. W. Mitchell."

3. No part thereof has been paid, and there is now due thereon from the defendant to the plaintiff the sum of $63, with interest at 10 per cent. from April 5, 1902, for which, with costs of suit, the plaintiff prays judgment against the defendant.

The action was brought against Alexander McFarlane alone. He demurred upon the ground of a defect of parties defendant and also generally. The makers are severally liable, and one may be sued without the other under section 44 of the code. We find no defect of parties and nothing lacking in the petition to constitute a good cause of action.

We recommend that the judgment of the district court be reversed and the cause remanded.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.